IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| SUBASH KUMAR, | * | |
| *Plaintiff*, | * | |
| v. | * | Civil Action No. RDB-23-2251 |
| DIRECTOR OF U.S. CITIZENSHIP AND IMMIGRATION SERVICES, | * | |
| | * | |
| *Defendant.* | | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## **MEMORANDUM ORDER**

This case involves judicial review of the decision of the United States Citizenship and Immigration Services ("USCIS") to deny Plaintiff Subash Kumar's petition for an immigrant visa for extraordinary ability. 8 U.S.C. § 1153(b)(1)(A). Kumar is a senior data analyst from India who filed a Form I-140 Immigrant Petition for Alien Worker classification as a non-citizen of extraordinary ability in data science. (ECF No. 5-2 at 22.) On April 27, 2022, USCIS determined that Kumar had failed to establish eligibility for the classification based on the evidence he presented and requested further evidence ("Request for Evidence" or "RFE"). Kumar responded to the RFE on September 22, 2022. USCIS issued a Notice of Denial on February 17, 2023 on the grounds that Kumar had not established that he was eligible for classification as a non-citizen of extraordinary ability by satisfying at least three of the ten specific regulatory criteria of 8 C.F.R. § 204.5(h)(3). USCIS determined that Kumar met only one of the ten criteria, "evidence of the beneficiary's authorship of scholarly articles in the field, in professional or major trade publication or other major media." (ECF No. 5-2 at 6.)

Because USCIS determined that Kumar failed to meet at least three of the ten criteria, it did not proceed to the second step of the analysis, whether Kumar had sustained a level of national or international acclaim and was one of the small percentage who had risen to the very top of the field of endeavor. (*Id.* at 32.) Accordingly, USCIS concluded that Kumar was not an individual of extraordinary ability and was not eligible for the corresponding alien worker classification. On August 17, 2023, Kumar filed suit in this Court against the Director of USCIS. (ECF No. 1.) He seeks to challenge the decision to deny him a classification as a non-citizen of extraordinary ability. Kumar alleges USCIS's decision was arbitrary and capricious under the Administrative Procedure Act ("APA), 5 U.S.C. § 702, *et seq.*, and he asks this Court to set aside the decision and to remand the case for further consideration.

Presently pending is Defendant's Motion to Dismiss or for Summary Judgment. (ECF No. 8.) In it, USCIS argues that "[t]he USCIS decision is well-supported, and consistent with applicable regulations, statutes and published USCIS guidance. The Agency thoroughly considered all of the evidence submitted and provided detailed findings to support its conclusion . . . ." (ECF No. 8-1 at 6.) Plaintiff filed a Response and Cross-Motion for Summary Judgment. (ECF No. 15.) USCIS filed a Reply in support of its own motion and in opposition to Plaintiff's cross-motion. (ECF No. 16.) Plaintiff filed a reply in support of its own motion. (ECF No. 17.) USCIS then filed a line notice (ECF No. 18), which Plaintiff seeks to strike as an unauthorized surreply (ECF No. 19). USCIS responded (ECF No. 22) that the Line is not a surreply memorandum but requested leave *nunc pro tunc* to file it as a surreply if the Court construed it as such. The parties' submissions have been reviewed, and no hearing is necessary. *See* Loc. R. 105.6. For the reasons stated below, USCIS's Motion (ECF No. 8),

construed as a motion for summary judgment, is GRANTED, and Plaintiff's Cross-Motion for Summary Judgment (ECF No. 16) is DENIED. Because the line is unnecessary to this Court's decision, Plaintiff's motion to strike (ECF No. 19) is GRANTED.

## BACKGROUND

Non-citizens of extraordinary ability in the sciences, arts, education, business, or athletics may qualify for immigrant visas under 8 U.S.C. § 1153(b)(1)(A). This section allows visas to be granted if:

> (i) the non-citizen has extraordinary ability in the sciences, arts, education, business, or athletics which has been demonstrated by sustained national or international acclaim and whose achievements have been recognized in the field through extensive documentation;
>
> (ii) the non-citizen seeks to enter the United States to continue work in the area of extraordinary ability; and
>
> (iii) the non-citizen's entry into the United States will substantially benefit prospectively the United States.

8 U.S.C. § 1153(b)(1)(A). Extraordinary ability in this context means "a level of expertise indicating that the individual is one of that small percentage who have risen to the very top of the field of endeavor." 56 Fed. Reg. 60,897, 60,906 (INS) (Nov. 29, 1991) (codified at 8 C.F.R. § 204.5(h)(2)). Extraordinary ability is thus a higher standard than "exceptional ability" under 8 U.S.C. § 1153(b)(2)(A).

USCIS employs a two-step approach to determine extraordinary ability immigrant visa eligibility. First, the petitioner must submit evidence that he or she has "sustained national or international acclaim and that his or her achievements have been recognized in the field of expertise." 8 C.F.R. § 204.5(h)(3). This may be demonstrated through a one-time achievement such as an Olympic gold medal or a Nobel Prize, or, alternatively, through evidence that

satisfies at least three of ten specific regulatory criteria. 8 C.F.R. § 204.5(h)(3)(i)–(x). If the petitioner provides evidence satisfying either standard, USCIS then considers the totality of the evidence to determine whether the non-citizen has demonstrated that he or she is one of that small percentage who have risen to the very top of the field of endeavor, has sustained national or international acclaim, and that hiher achievements have been recognized in the field of expertise. 8 C.F.R. § 204.5(h)(3). The petitioner bears the burden of proof by a preponderance of the evidence. 8 C.F.R. § 103.2(b)(1); *Matter of Chawathe*, 25 I. & N. Dec. 369, 375 (2010).

Defendant USCIS received Plaintiff Subash Kumar's Form I-140 petition for classification as a non-citizen of extraordinary ability on June 10, 2021. (ECF No. 5-2 at 21.) Kumar, a citizen and national of India, argued that he was a non-citizen of extraordinary ability in Data Science as a "Senior Data Analyst." (*Id.* at 24.) He sought to demonstrate his status as a non-citizen of extraordinary ability by providing evidence meeting six of the ten criteria:

> ii. Evidence of membership in associations in the field which demand outstanding achievement of their members
> iii. Evidence of published material about you in professional or major trade publications or other major media
> v. Evidence of your original scientific, scholarly, artistic, athletic, or business-related contributions of major significance to the field
> vi. Evidence of your authorship of scholarly articles in professional or major trade publications or other major media
> vii. Evidence that your work has been displayed at artistic exhibitions or showcases.
> viii. Evidence of your performance of a leading or critical role in distinguished organizations

(ECF No. 5-3 at 86–87 (citing 8 C.F.R. § 204.5(h)(3)).) USCIS determined that Kumar met the sixth criterion out of the ten potential criteria (evidence of authorship of scholarly articles in professional or major trade publications or other major media). (ECF No. 5-2 at 36.)

However, it requested further evidence ("Request for Evidence" or "RFE") for the other five criteria, as the previously submitted evidence did not meet the criteria. (*Id.* at 33–38.)

Kumar responded to the RFE on September 22, 2022. (ECF No. 5-2 at 40.) With his response, Kumar enclosed an "expert opinion letter" from Dr. Richard Scott Linder, a Professor of Mathematics and Statistics at Ohio Wesleyan University. (*Id.* at 41.) Dr. Linder opined that "Mr. Kumar has extraordinary ability in the Artificial Intelligence field and has satisfied at least four of the criteria of the USCIS for classification as an Alien of Extraordinary Ability." (*Id.*) Kumar also included a letter stating that Kumar is a member of the American Association for Cancer Research ("AACR"), a letter discussing his participation in the MD THINK Integration Project, newspaper articles with circulation data, and photographs of Kumar receiving an award. (*Id.* at 42–46.)

On February 17, 2023, USCIS issued a Notice of Denial to Kumar. (*Id.* at 1.) The Notice stated that Kumar's petition was denied because he failed to meet at least three of the ten specific regulatory criteria. As before, he met the sixth criterion (evidence of authorship of scholarly articles in professional or major trade publications or other major media). However, the evidence he submitted failed to meet the other five criteria he sought to meet. USCIS therefore concluded that he was not eligible for classification as a non-citizen of extraordinary ability.

On August 17, 2023, Kumar filed suit in this Court against the Director of USCIS. (ECF No. 1.) He seeks to challenge the decision to deny him a classification as a non-citizen of extraordinary ability. Kumar alleges USCIS's decision was arbitrary and capricious under the Administrative Procedure Act ("APA"), 5 U.S.C. § 702, *et seq.*, and he asks this Court to

5

set aside the decision and to remand the case for further consideration. Presently pending is Defendant's Motion to Dismiss or for Summary Judgment. (ECF No. 8.) In it, USCIS argues that "[t]he USCIS decision is well-supported, and consistent with applicable regulations, statutes and published USCIS guidance. The Agency thoroughly considered all of the evidence submitted and provided detailed findings to support its conclusion . . . ." (ECF No. 8-1 at 6.) Plaintiff filed a Response and Cross-Motion for Summary Judgment. (ECF No. 15.) USCIS filed a Reply in support of its own motion and in opposition to Plaintiff's cross-motion. (ECF No. 16.) Plaintiff filed a reply in support of its own motion. (ECF No. 17.) USCIS then filed a line notice (ECF No. 18), which Plaintiff seeks to strike as an unauthorized surreply (ECF No. 19). USCIS responded (ECF No. 22) that the Line is not a surreply memorandum but requested leave *nunc pro tunc* to file it as a surreply if the Court construed it as such. The matters are ripe for review.

## STANDARD OF REVIEW

The Administrative Procedure Act ("APA"), 5 U.S.C. § 701, *et seq.*, in conjunction with the federal-question jurisdiction statute, provides the statutory basis for a court to review a final agency action. Claims seeking review of an agency action under the APA "are adjudicated without a trial or discovery, on the basis of an existing administrative record . . . [and accordingly] are properly decided on summary judgment." *Audubon Naturalist Soc'y of the Cent. Atl. States, Inc. v. U.S. Dep't of Transp.*, 524 F. Supp. 2d 642, 659 (D. Md. 2007). The standard set forth in Rule 56 of the Federal Rules of Civil Procedure governing summary judgment "does not apply because of the limited role of a court reviewing the administrative record." *Hospira, Inc. v. Burwell*, No. GJH-14-2662, 2014 WL 4406901, at *9 (D. Md. Sept. 5, 2014)

(citing *Roberts v. United States*, 883 F. Supp. 2d 56, 62–63 (D.D.C. 2012)). Rather, summary judgment is the mechanism by which the court decides as a matter of law whether "the administrative record permitted the agency to make the decision it did." *Hospira*, 2014 WL 4406901, at *9 (quoting *Kaiser Found. Hosps. v. Sebelius*, 828 F. Supp. 2d 193, 198 (D.D.C. 2011), *aff'd*, 708 F.3d 226 (D.C. Cir. 2013)).

## ANALYSIS

Under the Administrative Procedure Act ("APA"), 5 U.S.C. § 702, *et seq.*, "a 'reviewing court shall . . . hold unlawful and set aside agency action, findings, and conclusions found to be [ ] arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law.'" *Chao v. Sessions*, 698 F. App'x 751, 752 (4th Cir. 2017) (alterations in original) (quoting 5 U.S.C. § 706(2)(A)). On the other hand, a court must uphold an action if the record shows that the agency had a rational basis for the decision; the court may not "substitute its judgment for that of the agency." *Motor Vehicle Mfrs. Ass'n of the U.S., Inc. v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 43 (1983); *Defs. of Wildlife v. N.C. Dep't of Transp.*, 762 F.3d 374, 396 (4th Cir. 2014). "Review under this standard is highly deferential, with a presumption in favor of finding the agency action valid." *Ohio Valley Env't Coal. v. Aracoma Coal Co.*, 556 F.3d 177, 192 (4th Cir. 2009). "In other words, 'so long as the agency provides an explanation of its decision that includes a rational connection between the facts found and the choice made, its decision should be sustained.'" *Nat'l Audubon Soc'y v. U.S. Army Corps of Eng'rs*, 991 F.3d 577, 583 (4th Cir. 2021) (quoting *Am. Whitewater v. Tidwell*, 770 F.3d 1108, 1115 (4th Cir. 2014)).

Keeping these principles in mind, while reviewing an agency decision the court "must consider whether the decision was based on a consideration of the relevant factors and

7

whether there has been a clear error of judgment." *Marsh v. Oregon Natural Res. Council*, 490 U.S. 360, 378 (1989) (quoting *Citizens to Preserve Overton Park, Inc. v. Volpe*, 401 U.S. 402, 416 (1971)). An agency's decision is arbitrary and capricious if the agency:

> Relied on factors which Congress has not intended it to consider, entirely failed to consider an important aspect of the problem, offered an explanation for its decision that runs counter to the evidence before the agency, or is so implausible that it could not be ascribed to a difference in view or the product of agency expertise.

*Defenders of Wildlife*, 762 F.3d at 396 (quoting *State Farm*, 463 U.S. at 43).

In this case, it is plain that USCIS's decision was not arbitrary and capricious. USCIS carefully considered all of the evidence submitted by Kumar for each of the categories he attempted to meet, and it even stated that he met one of the criteria. Nevertheless, the evidence Kumar submitted was insufficient to meet any of the other five criteria he sought to meet, as discussed in the Denial. For thoroughness, this Court will review each of the "relevant factors," which were considered by USCIS. *Md. Dep't of Health & Mental Hygiene v. Ctrs. For Medicare & Medicaid Servs.*, 542 F.3d 424, 427 (4th Cir. 2008).

As to the second criterion (membership in associations), USCIS stated that "[t]he plain language of this criterion requires evidence (1) of membership in associations, (2) that the associations are in the beneficiary's field, (3) that the associations require outstanding achievements of their members, and (4) that membership eligibility is judged by recognized national or international experts in their field." (ECF No. 5-2 at 3.) USCIS acknowledged that Kumar submitted documentation establishing him as a member of the American Association for Cancer Research (AACR) but noted that the documentation did "not indicate that they require outstanding achievements and use recognized national or international experts to

8

determine which individuals qualify for membership." (*Id.*) Based on the documentation submitted, therefore, Kumar's membership in AACR failed to satisfy the third and fourth aspects of the second criterion. As a result, Kumar failed to meet the plain language of the criterion.

As to the third criterion (published material in media), USCIS stated that "[t]he plain language of this criterion requires evidence (1) of published material, (2) that the published material contains the title, date, and author of the material, and any necessary translation, (3) that the published material is about the beneficiary relating to the beneficiary's work in the field, and (4) that the published material qualifies as professional or major trade publications or other major media." (*Id.* at 4.) The evidence Kumar submitted did not include the title, date, or author for the "Book on AI to Combat Covid," and it also failed to include a discussion of the beneficiary and the beneficiary's work in "The New Artificial Intelligence Against Coronavirus." (*Id.*) Nor did Kumar submit sufficient evidence to establish that the material qualified as professional or major trade publications or other major media. (*Id.*) Accordingly, Kumar failed to meet second and fourth aspects of the third criterion, and therefore he failed to meet the plain language of the criterion.

As to the fifth criterion (original contributions of major significance), USCIS noted that "[t]he plain language of this criterion requires evidence (1) of the beneficiary's contributions related to scientific, scholarly, artistic or business fields, (2) that the beneficiary's contribution is original, and (3) that the beneficiary's original contribution has been of major significance." (*Id.* at 5.) USCIS noted that the evidence Kumar submitted failed to establish the major significance of his contributions, even while recognizing that Kumar submitted

9

letters from individuals in his field that USCIS quoted in its denial. While acknowledging those letters, USCIS noted that the letters failed to demonstrate how Kumar's "work has been of major significance to the field of Artificial Intelligence Machine Learning and Deep Learning as a whole." (*Id.* at 6.) Notwithstanding those letters, Kumar failed to provide "preexisting, independent, and objective evidence." (*Id.*) Likewise, Kumar failed to provide evidence supporting the issuance of a patent for which he had applied. Accordingly, USCIS determined that the evidence Kumar submitted was insufficient to meet the third aspect of the original contributions of major significance criterion. Kumar therefore failed to meet the fifth criterion.

As to the seventh criterion (artistic exhibitions or showcases), USCIS noted that "[t]he plain language of this criterion requires evidence (1) of the beneficiary's work in the field, and (2) that the beneficiary's work in the field has been displayed in an artistic exhibition or showcase." (*Id.*) Although USCIS acknowledged that Kumar submitted evidence that his book was displayed at a book fair, it noted that there was nothing to suggest that the book fair "is artistic or the event at the time was artistic in nature." (*Id.*) USCIS also rightfully concluded that Kumar's presentation of his book at a scientific conference did not meet the criterion for presentation at an *artistic* exhibition. Kumar therefore failed to meet the plain language of the seventh criterion.

Lastly, as to the eighth criterion (leading role in distinguished organization), USCIS noted that "[t]he plain language of this criterion requires evidence (1) that the beneficiary performed a role of ran organization or establishment (2) that the beneficiary's role is/was leading or critical, and (3) that the beneficiary's leading or critical role is/was for an organization or establishment with a distinguished reputation." (*Id.* at 7.) USCIS acknowledged

10

the letters of support that Kumar submitted regarding his role with the MD THINK Integration Project, but it noted that the documentation did "not provide specific information about the beneficiary's duties." (*Id.*) Without this, USCIS could not conclude that Kumar had a "critical or leading role." (*Id.*) Neither did the evidence that Kumar submitted support a finding that his organization had "a distinguished reputation." (*Id.*) Again, the letters submitted on Kumar's behalf were not supported by "preexisting, independent, and objective evidence." (*Id.* at 8.) Accordingly, USCIS concluded Kumar failed to meet the second and third aspects of the leading role in a distinguished organization criterion. Kumar therefore failed to meet the eighth criterion.

Given USCIS's thorough evaluation of the evidence Kumar submitted with regard to each of these categories, its decision to deny Kumar a extraordinary ability immigrant visa was not arbitrary and capricious. As Judge Russell of this Court has noted, a court reviewing an agency action under the arbitrary and capricious standard "must uphold an action if the record shows that the agency had a rational basis for the decision, and the court may not 'substitute its judgment for that of the agency.'" *Blast v. Mayorkas*, No. CV GLR-22-1878, 2023 WL 6307821, at *8 (D. Md. Sept. 28, 2023) (quoting *Motor Vehicle Mfrs. Ass'n of the U.S., Inc. v. State Farm Mut. Auto. Ins. Co.,* 463 U.S. 29, 43 (1983); *Defs. of Wildlife v. N.C. Dep't of Transp.*, 762 F.3d 374, 396 (4th Cir. 2014)). The record reflects USCIS plainly had a rational basis for its decision, and there are no grounds to vacate its decision under this "highly deferential standard." *Nat. Res. Def. Council, Inc. v. U.S. E.P.A.*, 16 F.3d 1395, 1400 (4th Cir. 1993). Accordingly, USCIS's Motion (ECF No. 8), construed as a Motion for Summary Judgment, is GRANTED and Plaintiff's Cross-Motion for Summary Judgment (ECF No. 16) is DENIED.

## CONCLUSION

For foregoing reasons, it is this 1st day of April, 2024, ORDERED that:

1. USCIS's Motion (ECF No. 8), construed as a Motion for Summary Judgment, is GRANTED;

2. Plaintiff's Cross-Motion for Summary Judgment (ECF No. 16) is DENIED;

3. Plaintiff's Motion to Strike (ECF No. 19) is GRANTED;

4. Judgment is entered in USCIS's favor;

5. The Clerk of the Court shall CLOSE this case;

6. The Clerk shall transmit copies of this Memorandum Order to counsel of record.

Dated: April 1, 2024

                                                    /s/
                                      Richard D. Bennett
                                      United States Senior District Judge